IN THE UNITED STATES DISRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EDDIE RODRIGUEZ, <br> MILTON GERARD WASHINGTON, <br> BRUCE ELFANT, ALEX SERNA, <br> SANDRA SERNA, BETTY F. LOPEZ, <br> DAVID GONZALEZ, <br> BEATRICE SALOMA, <br> JOSÉ NORBERTO RIVERA, <br> TRAVIS COUNTY, and <br> CITY OF AUSTIN, <br><br> *Plaintiffs,* <br><br> vs. <br><br> RICK PERRY, in his official capacity as Governor of the State of Texas; <br> DAVID DEWHURST, in his official capacity as Lieutenant Governor of the State of Texas; <br> JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives; <br> HOPE ANDRADÉ, in her official capacity as Secretary of State of the State of Texas; <br> STATE OF TEXAS; <br> BOYD RICHIE, in his official capacity as Chair of the Texas Democratic Party; and <br> STEVE MUNISTERI, in his official capacity as Chair of the Republican Party of Texas, <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § <br><br> No. 1:11-cv-00451 |

**ORIGINAL COMPLAINT**

## Introduction

1. The regular session of the 82nd Texas Legislature has adjourned *sine die* – the Senate at 4:55 p.m., the House at 5:24 p.m., May 30th – without enactment of legislation redrawing the boundary lines for current Texas congressional districts and adding the four new seats apportioned the state as a result of the 2010 census. Plaintiffs allege that the legislature's failure to draw congressional districts violates rights guaranteed by the United States Constitution and federal law. Accordingly, plaintiffs seek a declaration that the current congressional districts are invalid and an injunction prohibiting defendants from calling, holding, supervising, or taking any action concerning primary or general elections for Texas members of the United States House of Representatives based on the current congressional districts. Plaintiffs further request that the Court impose a revised redistricting plan which takes into account the census population and apportionment of 2010, as well as other applicable legal requirements.

## Parties

2. The following plaintiffs bring this suit in their personal capacities, as registered voters in the State of Texas, residing in the precincts and current Texas congressional districts indicated in connection with their names:

   a. Eddie Rodriguez, residing at 1910 Haskell Street, Austin, Texas 78702 (in Travis County Precinct #439, Texas Congressional District ("CD") 25);

   b. Milton Gerard Washington, residing at 11500 Oak Trail, Austin, Texas 78753 (in Travis County Precinct #213, CD10);

   c. Bruce Elfant, residing at 4522 Avenue F, Austin, Texas 78751 (in Travis County Precinct #136, CD25);

   d.  Alex Serna and Sandra Serna, residing at 5448 La Estancia, El Paso, Texas 79932 (in El Paso County Precinct #7, CD16);

   e.  Betty F. Lopez, residing at 305 S. Nueces Street, San Antonio, Texas 78207 (in Bexar County Precinct #2002, CD20);

   f.  David Gonzalez, residing at 618 Cobble Drive, San Antonio, Texas 78216 (in Bexar County Precinct #3151, CD21);

   g.  Beatrice Saloma, residing at 277 West Wildwood Drive, San Antonio, Texas 78212 (in Bexar County Precinct #2054, CD20); and

   h.  José Norberto Rivera, residing at 5106 W. 43rd Street, Houston, Texas 77092 (in Harris County Precinct #270, CD18).

3.  Plaintiff Travis County, a political subdivision of the State of Texas under Article I, Section 1, of the Texas Constitution, is charged by the Texas Legislature with primary local responsibility for the conduct of elections, including elections for congressional office. *See, e.g.*, Tex. Elec. Code, ch. 31, subch. B & ch. 32, subch. A.

4.  Plaintiff the City of Austin, a political subdivision of the State of Texas, is a home rule municipality under Article XI, Section 5, of the Texas Constitution, with full power of local self-government under Texas Local Government Code § 51.072(a), and is authorized by Article I, § 3, of its charter to take such actions as its governing body deems necessary to advance the interests of its residents.

5.  Defendants are the Governor of Texas, the Lieutenant Governor of Texas, the Speaker of the Texas House of Representatives, the Secretary of State of Texas, the State of Texas itself, the Chair of the Texas Democratic Party, and the Chair of the Republican Party of Texas. All of the defendant officials are sued in their official capacity only. The residences of the state

officials, in their official capacity, are all in Travis County, as the seat of government of the State of Texas is in the City of Austin. *See* Tex. Const. art. III, § 58. Service of citation may be made as follows:

 a. The Governor's Office address is State Insurance Building, 1100 San Jacinto, Austin, Texas 78701.

 b. The Lieutenant Governor's Office address is 1400 Congress Avenue, Austin, Texas 78701.

 c. The Speaker's Office address is Room CAP 2W.13, Capitol, Austin, Texas 78701.

 d. The Texas Secretary of State's Office address is Elections Division, 208 East 10th Street, Rusk Building, 3rd Floor, Austin, Texas 78701.

 e. The State of Texas may be served through the Governor's Office or the Texas Secretary of State's Office.

 f. The Chair of the Texas Democratic Party's address is 505 West 12th Street, Suite 200, Austin, Texas 78701.

 g. The Chair of the Republican Party of Texas's address is 1108 Lavaca Street, Suite 500, Austin, Texas 78701.

**Jurisdiction and venue**

 6. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), 1357, 2201, 2202, and 2284. Venue is proper in this district under 28 U.S.C. § 1391(b) and in this division under 28 U.S.C. § 124(d)(1).

**Factual background**

 7. Article I, Section 2, of the United States Constitution provides in relevant part:

The House of Representative shall be composed of Members chosen every second Year by the People of the several States . . . .

> . . . .
>
> Representatives . . . shall be apportioned among the several States which may be included within this Union, according to their respective Numbers . . . .

The Fourteenth Amendment to the United States Constitution provides in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws.

The foregoing provisions establish a constitutional guarantee of one-person, one-vote.

8.  Pursuant to 2 U.S.C. § 2a(a), the President of the United States is required, every ten years, to transmit to the Congress "the number of persons in each State" and "the number of Representatives to which each State would be entitled under an apportionment of the then existing number of Representatives."

9.  The official results of the 2010 census were released on December 21, 2010. On January 5, 2011, the President of the United States, pursuant to 2 U.S.C. § 2a(a), transmitted to Congress a statement showing the population of each of the fifty states, including the defendant State of Texas, as reported in the 2010 census. These population figures show that the State of Texas contains 25,145,561 persons and is now entitled to 36 congressional representatives, an increase of four since the 2000 census.

10. When the Texas Legislature redrew congressional districts in Texas following the 1990 census, each congressional district contained exactly 566,217 persons. *See* Tex.Rev.Civ.Stat. Art. 197h, art. I, § 4, and art. II, § 4 (1992) (repealed). Although a federal court redrew 13 of the 30 congressional districts in 1996, the populations of 17 of the congressional districts were not changed by the 1996 federal court order. As a result of the 1996 court decision, the population deviation among the congressional districts in Texas from the ideal population figure was ±0.82%, according to the 1990 census.

11. The Texas Legislature failed to redraw congressional districts in Texas in its regular legislative session immediately following the 2000 census. No special legislative session was convened. The redistricting task then was taken up by a three-judge panel of the United States District Court for the Eastern District of Texas in *Balderas v. Texas*, No. 6:01cv158 ("*Balderas*"). In its order of November 14, 2001, the *Balderas* court directed the state to conduct its 32 congressional elections using a redistricting plan developed by the court and assigned the designation of Plan 1151C. (*Numerical designations are assigned to redistricting plans by the RedAppl—short for "redistricting application"—computer program of the Texas Legislative Council ("TLC"), an agency of the state.*) The state did not appeal and urged the Supreme Court of the United States to affirm the judgment requiring use of Plan 1151C when one group of the *Balderas* plaintiffs appealed. The Supreme Court summarily affirmed the *Balderas* judgment. *See* 536 U.S. 919 (2002). Plan 1151C was used for the 2002 congressional elections in Texas.

12. In 2003, at the insistence of former Texas Congressman Tom DeLay, the Texas Legislature undertook to adopt legislation creating a new congressional redistricting map for the state to replace *Balderas* Plan 1151C. On October 10, 2003, in the third called session of the 78th Texas Legislature, the legislature enacted a new redistricting plan, Plan 1374C. *See* Tex. Rev. Civ. Stat. art. 197i, Article II; ch. 2, Acts of the 78th Leg., 3rd C.S. (effective Jan. 11, 2004). This plan was used for the 2004 Texas congressional elections. In 2006, the Supreme Court of the United States invalidated parts of Plan 1374C. *See LULAC v. Perry*, 548 U.S. 399 (2006). On remand for adoption of a remedial plan responsive to the Supreme Court decision, a three-judge court for the United States District Court for the Eastern District of Texas, in *LULAC v. Perry*, No. 2:03cv354, redrew the legislatively-created lines for five of Texas's congressional districts—CDs 15, 21, 23, 25, and 28—lying roughly inside a circle running from Austin to El

Paso to McAllen to San Antonio and back to Austin. The order directing this remedy, issued on August 4, 2006, adopted Plan 1438C. Plan 1438C has been used for congressional elections in Texas since 2006 and is termed here the "2006 congressional districts" or "2006 congressional plan." It establishes the electoral boundaries for 32 Texas congressional districts, using population counts from the 2000 census to satisfy the rule of equal population.

13. As a result of population shifts since 2000, the current congressional districts in Texas are substantially unequal in population. The TLC has issued official current population numbers for the extant 2006 congressional districts. The TLC's estimates of the 2010 population in Texas' 32 congressional districts now range from a low of 640,419 (CD32) to a high of 981,367 (CD10). Twenty-seven of the current districts are overpopulated; five are underpopulated. None meets the ideal district population of 698,488. In addition, the four new congressional districts apportioned Texas effectively contain zero population since they have not been established by the legislature.

14. The existing malapportioned congressional districts dilute the voting strength of plaintiffs in CDs 10 (36% in Travis County), 18 (entirely in Harris County), 16 (entirely in El Paso County), 20 (entirely in Bexar County),; 21 (26 % in Bexar County), and 25 (60% in Travis County under the 2010 census count), all of which are overpopulated. For the plaintiffs in each of these districts, their right to equal representation is currently denied and will continue to be denied in any further elections conducted using the 2006 congressional plan, with the consequence that their right to vote in congressional elections will be diluted.

15. Travis County and the City of Austin additionally seek to maintain both the integrity of the communities of interests within their borders (including a longstanding tri-ethnic voting coalition), and their proprietary functions as local units of government needing a representative

in the United States House of Representatives whose district is solidly anchored inside their boundaries. Based on 2010 Census data, 60% of the population of CD 25 resides inside Travis County and a majority of its population resides inside the City of Austin. Neither of the other two districts that extend into the county and city are anchored in them. 36% of the population of CD10, and 21% of CD 21's population, is in Travis County. The county and city seek to ensure a congressional redistricting plan which recognizes the growth of their populations over the last decade and increases the number and percentage of their citizens residing in a county-and-city anchored district such as CD25.

16. As required by the Texas Constitution, the 82nd Texas Legislature convened in regular session on January 11, 2011. On or about February 17, 2011, the Governor and the Texas Legislature received the official 2010 census population numbers for the State of Texas, sufficient to perform the task of congressional redistricting during the now-concluded regular legislative session. The legislature adjourned its regular session *sine die* on May 30, 2011, prior to the filing of this petition, without enacting a new congressional redistricting plan. Under the existing state of affairs, with no new legislatively-enacted congressional redistricting plan, it is necessary that this Court order a new congressional redistricting plan for the upcoming election cycle and all subsequent election cycles until the next reapportionment, which plan must contain as nearly as possible the same number of persons in each congressional district and satisfy the requirements of state and federal law.

17. Under the bright-line rule of ripeness established by the Supreme Court of Texas in *Perry v. Del Rio*, 66 S.W.3d 239 (Tex. 2001)—rejecting all other tests and establishing ripeness in this circumstance as occurring "on *sine die* adjournment of the regular legislative session," 66 S.W.3d at 256—the plaintiffs' claims in this suit are ripe because the Texas Legislature has

officially adjourned its regular session without passage of a new congressional redistricting plan. Their claims were not ripe for adjudication until such adjournment.

## Causes of action

### *Count 1*

18. The facts alleged herein constitute a denial or abridgement of the plaintiffs' right to vote for their representative to the United States House of Representatives, in violation of Article I, Section 2, of the United States Constitution, as amended by Section 2 of the Fourteenth Amendment to the United States Constitution.

### *Count 2*

19. The facts alleged herein constitute a denial to the plaintiffs of equal protection of the laws guaranteed by the Equal Protection Clause of Section 1 of the Fourteenth Amendment to the United States Constitution.

### *Count 3*

20. The facts alleged herein constitute a deprivation of the plaintiffs' rights under the Fifteenth Amendment to the United States Constitution.

### *Count 4*

21. The facts alleged herein constitute a violation of 2 U.S.C. § 2c because the current number of congressional districts does not equal the number of representatives to the United States House of Representatives to which the State of Texas is entitled under federal law.

## Prayer for relief

22. Based upon the foregoing matters, the plaintiffs pray that this Court:

   a. Assume jurisdiction over this action as a three-judge District Court pursuant to 28 U.S.C. § 2284;

b.  Enter a declaratory judgment that the current congressional districts in Texas violate the plaintiffs' rights under the United States Constitution and federal law, as alleged under ¶¶ 18-21, above;

c.  Grant plaintiffs appropriate injunctive relief enjoining the defendants, their officers, agents, employees, attorneys, successors in office, and all persons in active concert or participation with them, from any further implementation or use of the current congressional districting plan in primary and general elections;

d   Hold hearings, consider briefing and evidence, and otherwise take actions necessary to determine and order a valid congressional redistricting plan for the State of Texas;

e.  Establish a reasonable deadline, under the doctrines of federalism and comity established in *Growe v. Emison*, 507 U.S. 25 (1993), for the state to enact or adopt a new plan dividing the Texas seats in the United States House of Representatives into 36 substantially equi-populous congressional districts, and to seek approval of any such plan as required by 42 U.S.C. § 1973c;

f.  In the absence of timely state adoption and preclearance of a congressional districting plan for 36 districts, grant plaintiffs appropriate injunctive relief enjoining the defendants, their officers, agents, employees, attorneys, successors in office, and all persons in active concert or participation with them, to use the congressional districting plan adopted by this Court after due notice and an opportunity for interested parties to appear and offer evidence on the question of the appropriate congressional districting plan in future primary and general elections;

g. Grant the plaintiffs their reasonable attorney fees, litigation expenses, and costs in maintaining this action; and

h. Grant the plaintiffs such further relief as may be necessary, appropriate, and equitable.

Respectfully submitted,

__/s/ Renea Hicks_____
Renea Hicks
Attorney at Law
State Bar No. 09580400

Law Office of Max Renea Hicks
101 West 6th Street
Austin, Texas 78701
(512) 480-8231
fax (512) 480-9105
e-mail: rhicks@renea-hicks.com

Attorney for Plaintiffs Eddie Rodriguez, *et al.*, Travis County, and City of Austin

David Escamilla
Travis County Attorney
State Bar No. 06662300
P.O. Box 1748
Austin, Texas 78767
(512) 854-9416
fax (512) 854-4808

Attorney for Plaintiff Travis County

Karen Kennard
City Attorney
State Bar No. 11280700
P.O. Box 1088
Austin, Texas 78767-1088
(512) 974-2268
fax (512) 974-6490

Attorney for Plaintiff City of Austin