IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDDIE RODRIGUEZ, MILTON GERARD WASHINGTON, BRUCE ELFANT, ALEX SERNA, SANDRA SERNA, BETTY F. LOPEZ, DAVID GONZALEZ, BEATRICE SALOMA, JOSE NORBERTO RIVERA, TRAVIS COUNTY, and CITY OF AUSTIN, | § § § § § § § § | |
| *Plaintiffs* | § § | |
| vs. | § § | Civil Action No. 1:11-cv-00451-LY |
| RICK PERRY, in his official capacity as Governor of the State of Texas; DAVID DEWHURST, in his official capacity as Lieutenant Governor of the State of Texas; JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives; HOPE ANDRADÉ, in her official capacity as Secretary of State of the State of Texas; STATE OF TEXAS; BOYD RICHIE, in his official capacity as Chair of the Texas Democratic Party; and STEVE MUNISTERI, in his official capacity as Chair of the Republican Party of Texas, | § § § § § § § § § § § § § § § § § § | |
| *Defendants* | | |

## DEFENDANT BOYD RICHIE'S BRIEF IN RESPONSE TO THE COURT'S JUNE 24, 2011 ORDER

TO THE HONORABLE JUDGE LEE YEAKEL:

COMES NOW, BOYD RICHIE, in his official capacity as Chair of the Texas Democratic Party, Defendant in the above-entitled and numbered cause (hereinafter

referred to as "Defendant RICHIE"), and files this Brief in Response to the Court's June 24, 2011 Order and would respectfully show this Honorable Court the following:

## I.

### PERRY V. DEL RIO IS NOT BINDING BUT PERSUASIVE

*Perry v. Del Rio*, 66 S.W.3d 239, 256 (Tex. 2001) decided multiple issues regarding the 2000 Texas redistricting. One of the issues resolved was determination of dominant jurisdiction by various state courts considering redistricting lawsuits. The Texas Supreme Court adopted a "first-filed rule." *See id.* at p. 254. The court adopted a "bright-line rule" that the first case filed after the legislature adjourned *sine die* is the case with dominant jurisdiction. *See id.* at p. 256-7. Therefore, under *Perry v. Del Rio*, the first case filed after the legislature adjourns is given preference.

Though, as will be demonstrated hereinafter, the "first-filed" rule adopted in *Perry v. Del Rio* is also the law governing federal courts, the decision of *Perry v. Del Rio* in and of itself is not binding.

## II.

### THE FEDERAL COURTS HAVE ADOPTED A FIRST TO FILE RULE THAT IS SIMILAR TO, IF NOT THE SAME, AS THE RULE ADOPTED IN *PERRY V. DEL RIO*

The Court asked to the parties to brief whether *Perry v. Del Rio* was substantive or procedural law. Defendant RICHIE contends the procedural vs. substantive distinction is inapplicable here. Such distinction exists only with regard to cases based upon diversity jurisdiction. See *Hanna v. Plumer*, 380 U.S. 460 (1965). *See also Shady Grove*

*Orthopedic v. Allstate Ins. Co.*, 130 S.Ct. 1431 (2010).  Because the case before this Court is based upon federal questions and causes of action, no analysis is necessary as to whether the *Perry v. Del Rio* decision is procedural or substantive.  Such consideration would only apply in a diversity case.

Nevertheless, the federal court rules governing the priority of these redistricting cases is not substantially dissimilar from the holding in *Perry v. Del Rio*, if at all.  "When a court concludes that a party has filed a suit that implicates the first to file rule, the court, in its discretion, may transfer, dismiss, or stay the second suit."  *See West Gulf Maritime Ass'n. v. ILA Deep Sea Local 24*, 751 F.2d 721 (5th Cir. 1985).  The Fifth Circuit has found that "complete identity of neither of the parties nor the lawsuit itself is required for dismissal or transfer of a case filed subsequently to action with substantial overlap of substantive issues."  *See Harris County Texas v. Car Max Auto Superstores*, 177 F.3d 306 (5th Cir. 1999) *citing Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997).

On the other hand, dismissal of the suit is not required and is instead left to the discretion of the district court.  *See West Gulf*, 751 F.2d at 722.  *See also Abbott Laboratories v. Gardner*, 387 U.S. 136, 154-55 (1967).

Courts apply a three part test in considering the first to file rule.  These factors include:  (1) the chronology of the two actions; (2) the similarities of the parties; and (3) the similarity of the issues. *See Microchip Technology, Inc. v. United Model Corp.*, CV-

10-04241-LHK (N.D. Cal. June 9, 2011) *citing Alltrade, Inc. v. Univeld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1999).

More specifically with respect to Texas redistricting cases, federal courts have followed the first to file rule. *See Mayfield v. Texas*, 205 F.Supp.2d 820, 823-24 (E.D. Tex. 2001); *Balderas v. Texas*, No. 6:01-cv-158 (E.D. Tex., Order filed July 23, 2001); and *Manley v. Texas*, No. 6:01-cv-231 (E.D. Tex., Order filed July 23, 2001).

In determining whether the first filed case is appropriate, the court must still consider whether or not such case was ripe at the time it was filed. This is the area where the federal courts have been less clear than is the holding in *Perry v. Del Rio*. For example, the *Mayfield* case referenced above talks about the Legislature being given the opportunity to first prepare its redistricting plan. The federal cases leave open the question as to whether a federal case governing redistricting is ripe before *sine die* after the house and senate have adopted the same plan, after it has been transmitted to governor, and/or after it has been signed by the governor. Though not binding, Defendant RICHE urges the Court to follow *Perry v. Del Rio*, as persuasive authority, and adopt the bright-line rule of adjournment of the Legislature for ripeness purposes.

Defendant RICHIE is not a Defendant in the cases pending before the United States District Court for the Southern District of Texas or for the United States District Court for the Western District of Texas, San Antonio Division. Defendant RICHIE is seeking to intervene into the San Antonio case. Furthermore, Defendant RICHIE is without information as to the specific timing of the various redistricting cases presently

- 4 -

on file.   In some cases, Defendant RICHIE is made a Defendant and in other cases Defendant RICHIE is not included.   Defendant RICHIE has filed no cases his own and neither has the Texas Democratic Party.   Defendant RICHIE finds it to be expeditious and efficient to consolidate the redistricting cases before the three-judge panel already constituted in the San Antonio Division, if it is not required under the federal law.

### III.

### <u>AFTER HAVING MADE THE REQUEST FOR A THREE-JUDGE PANEL,<br>A SINGLE JUDGE MAY CONDUCT ALL PROCEEDINGS</u>

The final inquiry made by the Court was the extent to which 28 U.S.C. § 2284 limits the ability of a single district judge to continue taking action in this case.  Section 2284 provides, "a single judge may conduct all proceedings except the trial, and enter all orders permitted by the Rules of Civil Procedure except as provided in this subsection." The restrictions provided for in the subjection involve the appointment of a master, referring the case, or determining a preliminary or permanent injunction.  Furthermore, any action of a single judge "may be reviewed by the full court at any time before final judgment."  Defendant RICHIE contends the statute provides the district court may take any action other than those specific limitations.  Without knowing precisely what action the district court may take, it is difficult to analyze whether such action complies with § 2284.  Nevertheless, preliminary action such as setting scheduling order and proceeding with discovery would clearly be permitted by a single judge under § 2284.  If however, the Court is contemplating dismissing the action in favor of another jurisdiction, it seems

the law would require such dismissal be supported by three judges.  *See LULAC  v. State of Texas*, 318 Fed. Appx. 261 (2009) (finding a single judge may not dismiss an action requiring resolution by three judges unless the claims made are frivolous).

Dated this 27th day of June, 2011.

Respectfully submitted,

By:     /s/  Chad W. Dunn
        Chad W. Dunn – Attorney In Charge
        State Bar No. 24036507
        General Counsel
        TEXAS DEMOCRATIC PARTY
        BRAZIL & DUNN
        K. Scott Brazil
        State Bar No. 02934050
        4201 FM 1960 West, Suite 530
        Houston, Texas  77068
        Telephone:  (281) 580-6310
        Facsimile:  (281) 580-6362
        duncha@sbcglobal.net

        ATTORNEYS FOR DEFENDANT,
        BOYD RICHIE, in his official capacity as
        Chair of the Texas Democratic Party

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2011, I electronically filed the foregoing document with the Clerk of the United States District Court, Western District of Texas, Austin Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Renea Hicks
Law Office of Max Renea Hicks
101 West 6th Street
Austin, TX  768701
(Attorneys for Plaintiffs Blanca
 Garcia, et. al., Travis County,
 and City of Austin)

David Escamilla
Travis County Attorney
P. O. Box 1748
Austin, TX  78767
(Attorneys for Plaintiff Travis County)

Karen Kennard
City Attorney
P. O. Box 1088
Austin, TX  78767
(Attorneys for Plaintiff City of Austin)

David Schenck
Deputy Attorney General
209 W. 14th Street
Austin, TX  78711
(Attorney for Defendants Governor Rick
 Perry, Lt. Governor David Dewhurst,
 Speaker Joe Straus, Secretary of State
 Hope Andrade and The State of Texas)

Donna Garcia Davidson
Attorney at Law
P. O. Box 12131
Austin, TX  78711
(Attorney for Defendant Steve Munisteri,
 Chair of the Republican Party of Texas)

Frank M. Reilly
Potts & Reilly, L.L.P.
P. O. Box 40376
Horseshoe Bay, TX  78657
(Attorney for Defendant Steve Munisteri,
 Chair of the Republican Party of Texas)


 /s/  Chad W. Dunn                            
Chad W. Dunn


- 7 -