IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EDDIE RODRIGUEZ, *et al.*, § | |
| *Plaintiffs*, § | |
| § | CAUSE NO. 1: 11-cv-00451-LY |
| v. § | |
| § | |
| RICK PERRY, *et al.*, § | |
| *Defendants*. | |

### DEFENDANTS' JOINT BRIEF REGARDING ISSUES ADDRESSED AT STATUS CONFERENCE ON JUNE 20, 2011

#### BACKGROUND

This is a redistricting case. Plaintiffs' Original Complaint, filed on May 30, 2011, challenges Texas's congressional map *solely* under federal law.[1] According to Plaintiffs, their federal cause of action is triggered by the state's *failure* to redraw its existing congressional map. Plaintiffs seek a declaratory judgment stating that the "current congressional districts in Texas violate the plaintiff's rights under the United States Constitution and federal law." Complaint at 10. The Plaintiffs also seek injunctive relief that would enjoin the defendants from relying on the current congressional map for purposes of state elections and to order "a valid congressional redistricting plan for the State of Texas." *Id.*

In addition, the plaintiffs filed a motion seeking a three-judge panel pursuant to 28 U.S.C. § 2284. The Court sent a request to the Chief Judge for the Fifth Circuit Court Appeals asking that a three-judge panel be convened, but as of the date of this filing, no such panel has been convened.

---

[1] *See* Original Complaint at 9 alleging violations of U.S. CONST. art. I, § 2; amend. XIV, § 2; amend. XV; 2 U.S.C. § 2c).

The Plaintiffs' original complaint also alleges that the issue of ripeness in this case is governed by *Perry v. Del Rio*, 66 S.W. 3d 239 (Tex. 2001). Complaint at 8 ¶ 17. According to the Plaintiffs, *Del Rio* supports their allegation that their claims were ripe for adjudication at the time they filed their original complaint because "the Texas Legislature ha[d] officially adjourned its regular session without passage of a new congressional redistricting plan." Complaint at 8-9. The Defendants have not yet answered in this case, although the state Defendants have appeared simultaneous with this filing.

Shortly after the Plaintiffs filed the instant complaint, the Governor called a special session during which the Legislature drew a new congressional map. There is reason to believe that a new congressional map will become law any day. Other federal complaints raising similar federal law challenges based on the state's *failure* to draw its 2011 congressional map are currently pending in other federal district courts.[2]

On June 20, 2011 the Court held a status conference. The Court ordered the parties to brief the following issues: (1) *Perry v. Del Rio*'s application to this case, including (2) whether *Perry v. Del Rio* constitutes state substantive or procedural law; (3) the effect of mootness on the pending action;[3] and (4) the extent to which a single district judge can act before a three-judge panel is convened under 28 U.S.C. § 2284? The State Defendants and Steve Munisteri jointly submit the following answers.

---

[2] The following federal cases are pending: *Perez, et al., v. Texas, et al.*, No. SA-11-CV-360 OLG-JES-XR (W.D.Tex); *MALC(II), et al. v. Texas, et al.*, No. SA-11-CV-361-OLG-JES-XR (W.D.Tex); *TLRTF, et al. v. Texas, et al.*, No. SA-11-CV-490-OLG (W.D. Tex); *Teuber, et al. v. Texas, et al.*, No. 4:11-CV-00059 (E.D.Tex); *Morris v. Texas, et al.,* No. 11-CV-2244 (S.D. Tex); *MALC (I), et al., v. Texas*, No. 7:11-CV-00144 (S.D. Tex.).

[3] While the issue of mootness is not listed in the Court's Order of June 24, counsel includes discussion of the issue based on the Court's verbal instructions and for sake of completeness.

**ARGUMENT & AUTHORITIES**

A. *Perry v. Del Rio* **Does Not Apply in This Case.**

Regrettably, the "bright line" ripeness rule established by the Texas Supreme Court in *Del Rio* for determining when a court has dominant jurisdiction does not apply. Because jurisdiction arises here *solely* by virtue of the federal question presented, this Court is not bound by state law. In federal courts the application of federal versus state law depends on the type of jurisdiction the complaint invokes and whether the rule in question is one of procedure or substance. Here, the Plaintiffs' complaint invokes this Court's federal-question jurisdiction as Plaintiffs allege violations of the federal Constitution and a federal statute. "It is not to be doubted that where the jurisdiction of the federal court is based on the existence of a federal question, federal law applies as to both substance and procedure." *Aerosonic Corp. v. Trodyne Corp.,* 402 F.2d 223, 229 (5th Cir. 1968). Therefore, in this federal-question case, because *Perry v. Del Rio* is state law, it does not apply. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (expressly exempting from the *Erie* doctrine claims arising from federal law).

While the analysis might be different if the court's jurisdiction was based *solely* on diversity under 28 U.S.C. § 1332,[4] or if the plaintiffs had raised a pendent state-law claim that raised substantive rather than procedural issues of law, the result would likely be the same.[5] In diversity cases, federal courts are only required to apply state *substantive* law. *Hanna v. Plumer*,

---

[4] *See Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945)( "In all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of the litigation, as it would be if tried in a State court.")(relying on *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

[5] *See Penobscot Indian Nation v. Key Bank Maine*, 112 F.3d 538, 557 n.27 (1st Cir. 1997)("Despite the fact that this case raises a federal question. . . we apply Maine law to the remaining claims because they all involve state law and raise substantive rather than procedural issues of law)(citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see also Walton v. City of Southfield*, 995 F.2d 1331, 1343 (6th Cir. 1993) (applying state law in federal question case involving pendent state claims).

380 U.S. 460, 465 (1965). *Del Rio* provides for a procedural mechanism to identify the court of dominant jurisdiction and does not purport to create a substantive state right. *See Perry v. Del Rio*, 66 S.W.3d at 243-244 ("The Legislature has not provided adequate procedures for judicial administration to prevent undesirable forum shopping and provide a simple means for designating a single court and judge. . . . Therefore we must attempt to apply general legal principles for determining dominant jurisdiction . . .").

Rather, courts in this circuit generally follow a first-filed rule in deciding which Court should maintain jurisdiction over claims that arise out of the same subject matter but are pressed in different suits. *See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985). The court with "prior jurisdiction over the common subject matter" should resolve issues presented in related actions. *Mann Manufacturing, Inc. v. Hortex*, 439 F.2d 403, 408 (5th Cir. 1971). Whether to apply the first-filed rule is a decision within the discretion of the first filed court. *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997, 999 (E.D. Tex. 1993). The Supreme Court has articulated the test to be "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation . . . ." *Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952). In deciding between competing jurisdictions, the balancing of convenience should be left to the sound discretion of the district court. *Id.* at 183-84.

The threshold question in the first-filed rule is whether "the issues raised in both suits 'substantially overlap.'" *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). Once the later-filed court finds that the issues substantially overlap, the proper course is to transfer the case to the first filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed. *Id.* at 606. "Where the overlap

4

between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of the overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996).

Thus, a determination of the first filed suit in the context of redistricting will require a determination of whether there is the requisite "substantial overlap" of the issues in the various pending cases.

### B. Mootness Would Affect the Application of the First-Filed Rule.

Plaintiffs contend that this lawsuit is the first federal action seeking a new congressional map. Putting aside its relationship to other pending federal litigation, the likelihood of mootness in this case will materially affect its status.

Here, as in *Del Rio*, the Legislature adjourned *sine die* on May 30, 2011 without passing a congressional redistricting plan. Plaintiffs filed this lawsuit that same day requesting the Court to adopt a new congressional redistricting plan. *See* Complaint ¶¶ 16-17, 22. Under the logic of *Del Rio* and based on the facts as they existed after the adjournment of the Legislature, Plaintiffs did in fact file a ripe lawsuit with a claim for judicial redistricting. Yet, as soon as the Governor added congressional redistricting to the special session agenda and the Legislature passed a congressional plan, Plaintiffs' current lawsuit continued to inch closer towards becoming moot. Because the Legislature passed a congressional map on June 24, 2011, the plaintiffs' lawsuit now teeters on the verge of mootness.

Once the Governor signs the congressional redistricting plan or allows it to become law without his signature, Plaintiffs' lawsuit will indeed be moot and this Court will no longer have subject matter jurisdiction over their claims. *See In re Scruggs*, 392 F.3d 124, 128 (5th Cir.

2004) ("A controversy becomes moot where, as the result of intervening circumstances, there are no longer adverse parties with sufficient legal interest to maintain the litigation[.]"); *cf. Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974) (stating that it is the situation "now" rather than the situation at the time of the district court's decision that governs the ripeness question); *Balderas v. State*, No. 6:01-cv-00158-TJW, slip op. at 2-3 (E.D. Tex. July 23, 2001) ("Events intervening between the date of filing and the time we are called upon to render a decision may properly be considered in assessing whether a case is ripe.  We therefore reject the suggestion that we must cabin our inquiry to the state of affairs as it existed when these plaintiffs initiated this case.").

  Plaintiffs have suggested that even under a first-to-file analysis this Court would be the first to have jurisdiction over a claim challenging the composition of the enacted congressional redistricting plan.  Be that as it may, Plaintiffs' complaint only encompasses a request to have this Court draw congressional districts due to legislative inaction; it does not involve a claim challenging the composition of new districts.  Even if Plaintiffs amended their complaint to include such a claim, it is far from clear that it would relate back to the date they first filed suit.  Federal Rule 15(c)(1)(B) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrences set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(1)(B).  Plaintiffs' complaint arose out of the Legislature's failure to act and specifically requested this Court to draw a new congressional plan.  An amended complaint challenging the composition of districts in a newly-enacted congressional plan does not arise out of the same set of facts, and as a result, would not relate back to their original filing date.  Given that the Governor has neither signed the congressional plan nor

6

allowed it to become law without his signature, the question of which lawsuit is the first ripe case challenging the composition of electoral districts remains unanswered at this point in time.

As noted above, to the extent Plaintiffs subsequently amend their complaint to include a challenge to the composition of the enacted congressional redistricting plan, this Court should apply the federal "first-to-file" doctrine to determine whether it is the appropriate court for this action to proceed. "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Synteck Finance Corp.,* 121 F.3d 947, 950 (5th Cir. 1997) (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir. 1971)). For the rule to apply, the issues and parties involved in the separate actions need not be identical; only a substantial overlap on the substantive issues is necessary. *Id.* (citing *Mann Mfg.,* 439 F.2d at 408). If such a substantial overlap exists, "the cases would be required to be consolidated in . . . the jurisdiction first seized of the issues." *Mann Mfg.,* 439 F.2d at 408 n. 6.

C.  **A Single District Court Judge Is Authorized to Dismiss a Case Under 28 U.S.C. § 2284 for Lack of Subject Matter Jurisdiction or After Finding It is "Wholly Insubstantial" or "Completely Without Merit."**

Three-judge district courts must be convened to hear constitutional challenges to statewide redistricting schemes and coverage suits under Section 5 of the Voting Rights Act. 28 U.S.C. § 2284(a). A district judge's duty to determine the need for a three-judge court allows it to dismiss without convening a three-judge court for lack of subject matter jurisdiction. *Sharrow v. Peyser*, 443 F. Supp. 321, 323 (S.D.N.Y. 1977), *aff'd*, 582 F.2d 1271 (2d Cir. 1978); *see generally* Wright & Miller, Federal Practice & Procedure § 4235; *see also Gonzalez v. Automatic Emp. Credit Union*, 419 U.S. 90, 100 (1974) ("A three-judge court is not required where the

7

district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts.").

By its express terms, the three-judge panel provision prohibits a single district court judge from appointing a master, ordering a reference, hearing and determining any application for a preliminary or permanent injunction or motion to vacate such an injunction. 28 U.S.C. § 2284. The provision also prohibits a single judge from entering judgment on the merits, *unless* the case is "wholly insubstantial" or "completely without merit." *U.S. v. Saint Landry Parish School B*d, 601 F.2d 859, 865 (5th Cir. 1979). In such a case, a single judge can dismiss a claim, regardless of whether or not a three-judge panel has been convened. *See Gonzalez v. Automatic Emp. Credit Union,* 419 U.S. 90, 100-101 (1974).

In addition, any actions by a single district court judge are reviewable by the court of appeals by mandamus or traditional appeal, unless and until the three-judge panel is convened. *Hicks v. Pleasure House, Inc.*, 404 U.S. 1, 2 (1971)("this Court has held that an appeal may lie to a court of appeals from certain actions of a single district judge in a case required to be heard by three judges."); s*ee cf. Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, (1962)(holding that courts of appeals are not "powerless ever to give any guidance when a single judge has erroneously invaded the province of a three-judge court"). After a three-judge panel is convened, however, the panel, not the court of appeals, reviews any actions entered by the single judge before or after the panel was convened. *Associated Theatres, Inc. v. Wade*, 487 F.2d at 1222. The actions of a three-judge panel are subsequently reviewed by the Supreme Court. 28 U.S.C. § 1253.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General


/s/ DAVID SCHENCK
**DAVID SCHENCK**
Deputy Attorney General of Legal Counsel
Texas Bar No. 17736870

**ANA MARIE JORDAN**
Assistant Attorney General
Texas Bar No. 00790748
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1342
(512) 936-0545 (fax)

**ATTORNEYS FOR THE STATE OF TEXAS, RICK PERRY, DAVID DEWHURST, JOE STRAUS, AND HOPE ANDRADE**

## CERTIFICATE OF SERVICE

  I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 27, 2011. All parties in this case who have not consented to electronic service will receive the document via first-class mail.

  Stephen E. McConnico
  Scott, Douglass & McConnico
  One American Center
  600 Congress Ave., 15th Floor
  Austin, TX 78701
  (512) 495-6300
  Fax: 512/474-0731
  Email: smcconnico@scottdoug.com
  *Attorneys for Plaintiff Eddie Rodriguez*

  Max Renea Hicks
  Law Office of Max Renea Hicks
  101 West Sixth Street
  Suite 504
  Austin, TX 78701
  (512) 480-8231
  Fax: 512/480-9105
  Email: rhicks@renea-hicks.com
  *Attorneys for Plaintiffs Eddie Rodriguez,*
  *et al., Travis County and City of Austin*

  Chad W. Dunn
  Brazil & Dunn
  4201 FM 1960 West
  Suite 530
  Houston, TX 77068
  (281)580-6310
  Fax: 281/580-6362
  Email: chad@brazilanddunn.com
  *Attorneys for Defendant Boyd Richie*

  Frank M. Reilly
  Potts & Reilly, L.L.P.
  P.O. Box 4037
  Horseshoe Bay, TX 78657
  512/469-7474
  Fax: 512/469-7480
  Email: reilly@pottsreilly.com
  *Attorney for Defendant Steve Munisteri*

Donna Garcia Davidson
Attorney at Law
P.O. Box 12131
Austin, Texas 78711
512-775-7625
Fax: 877-200-6001
donna@dgdlawfirm.com
*Attorney for Defendant Steve Munisteri*

Frank M. Reilly
Potts & Reilly, L.L.P.
P.O.Box 40376
Horseshoe Bay, Texas 78657
512-469-7474
Fax: 512-469-7480
reilly@pottsreilly.com
*Attorney for Defendant Steve Munisteri*

David Escamilla                                          *Via First-Class Mail*
Travis County Attorney
P.O. Box 1748
Austin, Texas 78767
*Attorney for Plaintiff Travis County*

Karen Kennard                                            *Via First-Class Mail*
City Attorney
P.O. Box 1088
Austin, Texas 78767-1088
*Attorney for Plaintiff City of Austin*


                                              /s/ DAVID SCHENCK
                                              David Schenck