IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2011 JUL 27 PM 4: 24
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| EDDIE RODRIGUEZ, MILTON GERARD WASHINGTON, BRUCE ELFANT, ALEX SERNA, SANDRA SERNA, BETTY F. LOPEZ, DAVID GONZALEZ, BEATRICE SALOMA, JOSEY MARTINEZ, LIONOR SOROLA-POHLMAN, BALAKUMAR PANDIAN, NINA JO BAKER, JUANITA VALDEZ-COX, ELIZA ALVARADO, TRAVIS COUNTY AND CITY OF AUSTIN, <br><br>       PLAINTIFFS, <br><br> V. <br><br> RICK PERRY, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF TEXAS; DAVID DEWHURST, IN HIS OFFICIAL CAPACITY AS LIEUTENANT GOVERNOR OF THE STATE OF TEXAS; JOE STRAUS, IN HIS OFFICIAL CAPACITY AS SPEAKER OF THE TEXAS HOUSE OF REPRESENTATIVES; HOPE ANDRADE, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE OF THE STATE OF TEXAS; STATE OF TEXAS, BOYD RICHIE, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE TEXAS | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NO. A-11-CA-451-LY-JES-OLG |

| DEMOCRATIC PARTY; AND | § |
| STEVE MUNISTERI, IN HIS OFFICIAL | § |
| CAPACITY AS CHAIR OF THE | § |
| REPUBLICAN PARTY OF TEXAS, | § |
| DEFENDANTS. | § |

## OPINION DISSENTING FROM ORDER OF TRANSFER

The above-referenced redistricting case was assigned to this Three-Judge Court by the Chief Judge of the United States Court of Appeals for the Fifth Circuit by order rendered July 6, 2011 (Doc. #20). Four other redistricting cases are pending before a Three-Judge Court in the San Antonio Division of the Western District of Texas, the most recent filed on July 15, 2011. *See Perez v. Texas*, Cause No. 5:11-cv-360-OLG-JES-XR (W.D. Tex., filed May 9, 2011); *Mexican Am. Legislative Caucus v. Texas*, Cause No. 5:11-cv-361-OLG-JES-XR (W.D. Tex., filed May 9, 2011); *Texas Latino Redistricting Task Force v. Perry*, Cause No. 5:11-cv-490-OLG-JES-XR (W.D. Tex., filed June 17, 2011); *Quesada v. Perry*, Cause No. 5:11-cv-572-OLG-JES-XR (W.D. Tex., July 15, 2011).[1]

On July 18, 2011, the Three-Judge Court in this cause convened a hearing to entertain argument and determine whether this action should be transferred to the San Antonio Division of the Western District of Texas. All parties in this cause appeared through counsel. The parties in the San Antonio Division cases (the "San Antonio parties") also appeared by counsel by invitation of this Three-Judge Court. No party in the case before this Court has requested transfer to the San Antonio Division of the Western District of Texas.

---

[1] A fifth case, *Teuber v. Perry*, Cause No. 5:11-cv-572-OLG-JES-XR (W.D. Tex., filed February 10, 2011), was originally filed in the Eastern District of Texas and transferred to the San Antonio Division of the Western District of Texas, but was recently dismissed.

Following the hearing, the majority of this Three-Judge Court determined *sua sponte* to transfer this cause to the San Antonio Division of the Western District of Texas. For the reasons to follow, I respectfully dissent from the majority's determination to transfer this cause.

In an attempt to prevent forum shopping and provide a simple means for designating a single court for cases involving constitutional challenges to congressional districts, the Texas Supreme Court in *Perry v. Del Rio* established a bright-line rule of ripeness, holding that constitutional challenges to congressional districts are not ripe until the regular session of the Texas Legislature, following a decennial census, has adjourned. 66 S.W.3d 239, 243, 256 (Tex. 2001). The *Perry* Court left open the issue of ripeness when, as in the facts of this cause, the Governor convenes a special session of the Legislature for the purpose of adopting a redistricting plan that is subsequently signed into law.

Relying on a Three-Judge Court's decision in *Balderas v. Texas*, Cause No. 6:01-cv-158-TJW-PEH-JH, slip op. (E.D. Tex. Jul. 23, 2001), Defendants assert that the Texas Governor's signing into law the redistricting plan in Senate Bill 4 on July 18, 2011, affects the ripeness issue in this cause, as it constitutes an intervening event between the date of filing of the complaint and the time the Court is called upon to render a decision on ripeness. Under the facts of *Balderas* however, the Texas Legislature adjourned *sine die* on May 28, 2001, without adopting a redistricting plan, and the Governor did not convene a special session for the purpose of redistricting the State's congressional boundaries. *Id.* at 3.

*Balderas* and *Perry* involved the same decennial census and the Texas Legislature's failure to adopt a congressional plan. As *Balderas* was decided before *Perry*, the federal Three-Judge Court

did not have the benefit of the Texas Supreme Court's decision.[2] The opinions are not inconsistent. In *Perry*, the Texas Supreme Court established a bright line for when a congressional-redistricting issue becomes ripe. In *Balderas*, the federal Three-Judge Court chose to defer federal action for a reasonable period of time to allow the State of Texas to develop a congressional-redistricting plan.

The ripeness calculus has not changed because the Texas Legislature has now provided a congressional-redistricting plan. This Three-Judge Court should recognize and defer to the ruling of the Texas Supreme Court. It creates no problem for this Court to recognize a Texas bright-line rule of ripeness. It brings much more order to the system. This Court's action today encourages the filing of pre-legislative-adjournment cases—exactly the activity the Texas Supreme Court has attempted to halt.

In this cause, Plaintiffs did everything required under *Perry*.[3] I would hold that this cause is the first ripe case concerning congressional redistricting and the other congressional-redistricting cases should give way.

The San Antonio parties urge that all redistricting issues should be tried before the Three-Judge Court in the San Antonio Division on the basis of convenience of the parties and witnesses. Because the San Antonio cases and this case together bring into issue not only congressional districts but the redistricting of the Texas Senate and House, as well as the Texas Board of Education, all of which have state-wide impact, and considering that many of the witnesses will be found if not in

---

[2] *Balderas* was decided July 20, 2001, and *Perry* September 12, 2001.

[3] The San Antonio parties raise issue with the date the Texas Legislature adjourned its regular session. They argue that we should rely on the Texas House and Senate Journals to determine when the Legislature adjourned. I find these technical distinctions of no consequence in following the Texas Supreme Court with regard to premature filings, because once the Legislature was gaveled to a close and adjourned *sine die*, it conducted no further proceedings.

4

Austin, then throughout the state, and even most of the parties concede that all the cases should physically be tried in Austin, which is about 90 miles from San Antonio, I find that the convenience factor asserted by the San Antonio parties is of no significance in this case. It is just as easy to litigate all the cases in Austin as San Antonio.

The San Antonio parties further assert that because expert testimony on "minority opportunity districts" will be the same with regard to the validity of the redistricting plan for both Texas congressional districts and state house of representative districts, all the cases should be tried together. Although this argument bears consideration, it alone is not the dominating factor.

It is significant that two of the Plaintiffs in this cause are the City of Austin and Travis County (the "Austin parties"). The participation of the Austin parties is significant because of the political culture in and around Austin. The Austin area consistently elects minorities at all levels of government without specially drawn minority districts. The Austin parties urge that this unique political culture should be taken into account in determining the congressional districts impacting Austin. They assert these issues with regard to the plan now before this Court. They posit that the plan destroys this culture. Therefore, the Austin parties argue, the congressional-redistricting case should be litigated separate and apart from the other political-subdivision redistricting cases. I find this argument persuasive. In addition, the newest cause filed in the San Antonio Division on July 15, 2011, raises issues of political gerrymandering, which will be unique as to each governmental subdivision.[4]

---

[4] If the instant action were to remain in the Austin Division, the claims arising from congressional redistricting in the cases in the San Antonio Division could be stayed pending resolution of those issues in this cause. The remaining claims in the San Antonio cases would therefore be able to proceed through trial. The parties to the stayed issues could, if they intervened here, be heard as part of a combined congressional-redistricting case.

Simply put, I see no good sense in combining all redistricting cases complaining of all redistricting plans adopted by the Texas Legislature into one matter. The issues involving each plan will differ. Specific allegations regarding specific districts will differ. The majority today oversimplifies the redistricting process by decreeing that it is better for congressional, Texas House, Texas Senate, and Texas Board of Education redistricting issues to be combined into one action and one trial before one Three-Judge Court. The majority ignores special circumstances that may exist from political subdivision to politcal subdivision. In addition, the majority makes light of the efforts of the Texas Supreme Court to avoid forum shopping and filing of patently ridiculous actions months before there is a redistricting plan of which to object.

Finally, I question whether a truly statewide perspective can be brought to issues of statewide importance and consequence when all such issues are tried before one panel that includes two district judges from the same division of the same district. Different Three-Judge Courts hearing the redistricting complaints of the different political subdivisions would ensure a more diverse and statewide view of the redistricting process.

Because this cause filed in the Austin Division was the first ripe case involving congressional redistricting, and issues in congressional redistricting stand on their own, it is my belief that this cause should not be transferred to the San Antonio Division of the Western District of Texas, and I respectfully dissent.

SIGNED this 27th day of July, 2011.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE